OSKALOOSA STEAM-ENGINE WORKS v. NELSON ET AL.

1. **Judgment:** REPLEVIN: ELECTION OF PARTY. Where the judgment entered in an action of replevin provided that the plaintiff should have the immediate possession of the property, and in default thereof should recover its value, it was held that such judgment constituted an election by the plaintiff to take the property, and that when it was tendered by the defendant in satisfaction of the judgment he could not refuse to receive it and demand its value in money.

*Appeal from Mahaska Circuit Court.*

THURSDAY, OCTOBER 7.

IN February, 1878, the defendant Nelson brought an action against the plaintiff before a justice of the peace for the recovery of certain personal property, to-wit: one pair French mill burrs, frame and hopper complete. No replevin bond was given, and no writ for the possession of the property was asked for nor issued.

On the 18th of February, 1878, a trial was had before the justice, and the following judgment was rendered:

"The court finds that the plaintiff has the legal right to the property in the petition herein described, and that the value of the same is one hundred dollars. It is, therefore, considered and adjudged by me that the plaintiff have the immediate possession of said property, to-wit: one pair of

French under-runner mill burrs, and in default of the recovery of such possession that he recover of and from the defendant the sum of one hundred dollars; and, further, that he recover of and from the defendant the costs herein taxed."

A transcript of the judgment was filed in the office of the clerk of the Circuit Court on the same day the judgment was rendered, and an execution was immediately issued, and a certain party was garnished. The garnishee was discharged, and the execution was returned "no property found." Within two or three days after the execution was issued, the plaintiff herein offered to surrender the mill burrs to the defendant herein in satisfaction of the judgment, and, subsequently, the plaintiff filed a paper with the clerk containing the same offer. The defendant refused to receive the property.

On the 9th of March, 1878, a general execution was issued on said judgment, and three days afterward the sheriff, by direction of the plaintiff in execution (defendant herein), levied upon the mill burrs and hopper, and as the sheriff had no convenient place to store the property the plaintiff in execution (defendant herein) obtained permission of one Jackson to store them in his agricultural warehouse until the sale. The warehouse of Jackson was a suitable and proper place to keep the burrs.

On the 15th of March, 1878, the warehouse and its contents, including the burrs and fixtures in question, was accidentally destroyed by fire. The value of the property levied upon was sufficient to satisfy the judgment, with interest and costs.

Afterward the defendant herein caused another execution to issue, and the sheriff was about to levy upon the property of the plaintiff, whereupon the plaintiff paid the costs which had accrued on said judgment, and brought this action to restrain further proceeding upon said judgment.

Issue having been joined, the court, upon the foregoing facts found for the defendants, and rendered judgment against the plaintiff for costs. Plaintiff appeals.

*H. W. Gleason*, for appellant.

*Williams & McMillen*, for appellee.

ROTHROCK, J.—The facts embodied in the foregoing statement are the substance of the finding of the court below, as contained in appellant's abstract. Counsel for the respective parties have discussed the question as to whether the successful party in an action of replevin should make his election to take the property in controversy, or its value at the time the judgment is rendered, or whether he may make such election when the execution issues. An examination of the sections of the statute upon that question leaves the mind in some doubt. But a decision of the question in this case does not appear to us to be necessary, because we think the judgment rendered by the justice was an election upon the part of the judgment plaintiff to take the property, and that he was only entitled to recover the value "in default of the recovery" of the possession of the property. Such is the plain language and meaning of the judgment. It was not a judgment for the return of the property, or for its value, at the option of the plaintiff therein. He then and there by the judgment elected to take the property, and was only entitled to its value in default of the recovery of the property by proper process. This fixed the rights of the parties, and when the property was tendered to the defendant he was bound, under the judgment, to receive it. And when he caused the same to be levied upon, he should have taken it into his possession, as he was authorized to do by the judgment, and entered satisfaction of the judgment for the recovery of the property, and collected the costs by general execution, if necessary.

1. JUDGMENT: replevin: election of party.

This disposition of the case renders it unnecessary to consider the question as to the rights of the parties consequent upon the destruction of the property in question by fire.

The judgment of the Circuit Court must be

REVERSED.