THE STATE ex rel. McCAFFERY et al., v. EGGERS et al

In Banc, December 5, 1899.

1. **Public Office**: INJUNCTION: UNCONSTITUTIONAL LAW: CIRCUIT ATTORNEY.  A chancery court has no jurisdiction, at the threshold of a case, on the motion of a circuit attorney or any other party, to enjoin one who has been regularly appointed to a public office from taking possession and exercising the duties thereof, upon the mere allegation that the law under which he claims is unconstitutional, when there has been no adjudication to that effect.

2. **Circuit Court of St. Louis**: IN VACATION.  Whatever order one judge of the St. Louis Circuit Court can make, in vacation, another can make, and when one judge acts in vacation he acts for himself alone, and not for an absent judge or by his authority, but by authority of the statute, which gives him in vacation the same authority as if he were the sole judge of the court.

3. ———: ———: CASE ASSIGNED TO ANOTHER JUDGE'S DIVISION.  A bill in injunction was filed in the St. Louis Circuit Court in vacation and assigned to the division of a judge who was absent, and then another judge in chambers issued the temporary injunction, but recited in the caption that he acted for the absent judge.  *Held*, that if the judge who was absent could lawfully have made the order, then the judge who issued the order had authority to do so under the statute, and the recital was surplusage.

*Prohibition.*

WRIT AWARDED.

EDWARD C. CROW, Attorney-General, SAM B. JEFFRIES,. Assistant Attorney-General, and W. J. STONE for relators.

Judge Withrow is shown by the return to have been incompetent to act in vacation for Judge Fisher, inasmuch as his own division was at that time in session and whatever actions were taken in reference to the matter must have been done in term time and not in vacation of court. If it is true, as claimed by him in his return, that he was called upon by Judge Fisher to try and determine whatever cases might come before division number 4 during Judge Fisher's absence from the city, it was his duty to try them as said court and not as one of the judges in vacation and for another judge in vacation. In other words, a judge can not transfer his powers in chambers and in vacation upon another judge, but all proceedings made by a judge in vacation must be done of his own right and not by the authority of the right of another. State ex rel. v. Rombauer, 104 Mo. 619; Railroad v. Hurd, 17 Oh. St. 146.

GEO. D. REYNOLDS, NOBLE & SHIELDS and MORTON JOURDAN for respondents.

VALLIANT, J.—This case is in all respects like that of State ex rel. McCaffery, v. Aloe, 152 Mo. 466, except that in this case the suit in the circuit court was instituted by the circuit attorney of the city of St. Louis, instead of by citizens and taxpayers, and it was assigned to Division No. 4 of the circuit court of the city of St. Louis, of which division Judge FISHER was the judge, but in his absence from the city and in the vacation of the court Judge WITHROW, one of the judges of the circuit court of the city of St. Louis, in chambers, issued the temporary injunction complained of.

Upon reading the opinion in the Aloe case it will be seen that the question of jurisdiction, upon which the case turns, is not affected by the personnel of the plaintiffs. We there-

hold that a court of chancery has no jurisdiction of that subject, and the fact that the circuit attorney was the plaintiff in this case does not put it in any more favorable attitude, as to the question of jurisdiction, than was the other case.

But if it were a case of which the circuit court of the city of St. Louis had jurisdiction in equity, and if the judge of Division No. 4 could lawfully have made the order, then either one of the judges of that court in vacation could have done so.

The statute under which that court was created and organized provides that it shall hold general terms and special terms. Section 10 of the Act (R. S. 1889, p. 2147) defines: "A general term is when the court sits as a court in bank." And section 14: "A special term is when only one judge presides, and is for the trial of causes, and the transaction of all other business not specified in the next preceding section, and each judge at special term, with that exception, shall have and exercise all the powers and functions which he might have and exercise if he were the sole judge of the court." The statute requires the court in general term to make rules for the distribution of the cases among the divisions in special term and the transfer of cases from one division to another. When a case is regularly assigned to a particular division, that division for the purposes of that case is as exclusive in its jurisdiction as if it were the whole court or as if the court was a unit; another division or another judge presiding in special term has no more jurisdiction over that case than the circuit court of an adjoining county. So held in Haehl v. Railroad, 119 Mo. 325.

But in vacation each judge possesses all the power he would possess if he were the sole judge of the court. The statute is explicit: "Sec. 16. Each judge of the said circuit court, in vacation, shall have and exercise the same powers that he might have and exercise if he were the sole judge of said court." This statute can not be construed to mean that each judge of a division shall in the vacation of that division

have and exercise the same powers as if he were the sole judge of that division, because he is the sole judge of that division. But the statute mentions a court of which there are several judges and says that in vacation each shall have the power he would have if there was but one judge of that court, and he that one. Therefore, whilst one division in special term can not make an order affecting a case pending in another division, yet in vacation whatever order one judge can make, another may make, and when he acts as a judge in vacation he acts not for an absent judge or by his authority, but for himself and by authority of the statute. The objection, therefore, that Judge WITHROW who made the order in vacation was not the judge of the division to which the cause was assigned, is not well taken, but the recital in the caption that he was acting for Judge FISHER was incorrect. But that is an immaterial point, because as was held in the Aloe case the circuit court as a court of equity had no jurisdiction of the subject matter of that suit, therefore it would have made no difference if the injunction had been issued by the judge of Division No. 4.

It appears, however, from the record that Judge FISHER made no order in the case or assumed any jurisdiction of it, and this court was informed by counsel in the argument that Judge FISHER no longer presides in that division of that court; this proceeding should therefore be dismissed as to him. The motion to strike out the returns is sustained, and the writ is awarded as to the respondents as prayed, except as to Judge FISHER. GANTT, C. J., BURGESS, BRACE, ROBINSON and MARSHALL, JJ., concur; SHERWOOD, J., absent.