CHARLES A. PARKER, Respondent, v. C. O. OXEN-DINE et al., Appellants.

Kansas City Court of Appeals, February 5, 1900.*

1. **Replevin: JUDGMENT: EXECUTION: RETURN OF GOODS: SATISFACTION.** A judgment in replevin directed the return of goods to the plaintiff or the payment of their assessed value by the defendant and his surety on the forthcoming bond. On executions the defendant offered the replevied property to the constable. This the plaintiff rejected and demanded the assessed value. Held, per GILL, J., SMITH and ELLISON, JJ., expressing no opinion, that the tender of the property was a satisfaction of the judgment as plaintiff by accepting a judgment in that form elected to take the property when tendered.

2. **Injunction: SATISFIED EXECUTION: REMEDY.** When an execution is satisfied the defendant has three remedies against its enforcement; he can sue the officer in trespass, move to quash the execution or replevy the property sold thereunder. He is not entitled to an injunction to restrain the officer.

NOTE.—This case received by the reporter November 20, 1900.

Parker v. Oxendine.

Appeal from the Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

REVERSED AND REMANDED *(with directions).*

*Galen* and *A. E. Spencer* and *Currey & Roney* for appellants.

(1) An injunction will not lie to restrain the levy of an execution issued by virtue of a void judgment, rendered by a justice of the peace. Railroad v. Lowder, 59 Mo. App. 3; Straub v. Simpson, 74 Mo. App. 230; Railroad v. Lowder, 138 Mo. 533; Railroad v. Hoereth, 144 Mo. 136; Stockton v. Ranson, 60 Mo. 535; Bear v. Youngman, 19 Mo. App. 41. (2) An injunction will not lie to restrain the sale of personal property, because the legal remedy is full and ample. Verdin v. City of St. Louis, 131 Mo. 76; Fowler v. St. Joseph, 37 Mo. 229; Leslie v. St. Louis, 47 Mo. 474; McPike v. Pen, 51 Mo. 63; Bank v. Evans, 51 Mo. 335; Bank v. Kansas City, 73 Mo. 555. (3) The justice's judgment was authorized, and the plaintiff's, Bowman's, right to collect the assessed value of the property replevied, instead of taking the specific articles replevied, is given by statutes. R. S. 1889, secs. 6186, 6187. Section 6299, Revised Statutes 1889, applies with equal force to all kinds of judgments which a justice may render. Carroll v. Hancock, 57 Mo. App. 228. (4) The justice's judgment was therefore not affected by any of the irregularities of which plaintiff in this suit complains. Buis v. Cooper, 63 Mo. App. 205; Workman v. Taylor, 24 Mo. App. 550.

*Howard Gray* and *Redding & Owen* for respondent.

(1) The tender of the property was sufficient. Engine Works v. Wilson, 6 N. W. Rep. 718, 719; Frey v. Drayhos, 7 N. W. Rep. 319. (2) A surety can not be carried beyond

his contract.    Nofsinger v. Hartnett, 84 Mo. 549, 552; Erath & Flynn v. Allen & Son, 55 Mo. App. 107; Bauer v. Cabanne, 105 Mo. 110.    The undertaking of a surety in replevin is to be construed strictly and it is not to be enlarged by the court.    Cobby on Replevin, 759; Vinyard v. Barnes, 16 N. E. Rep. 254.    (3) Injunction will lie.    Melcher v. Bank of Jefferson City, 85 Mo. 362; Tel. Co. v. Light Co., 46 Mo. App. 144; Coal Company v. City of St. Louis, 130 Mo. 329; Swope v. Weller, 119 Mo. 556; Michael v. St. Louis, 112 Mo. 610; Carral v. Campbell, 108 Mo. 558.

GILL, J.—This is a suit in equity to enjoin an execution issued by a justice of the peace in a replevin suit.    J. A. Bowman brought the replevin suit against Fred and Laura Hills, the purpose of which was to recover certain household goods.    When the constable went with the writ to take the property, the above respondent, C. A. Parker, joined the Hills in the execution of a forthcoming bond and the Hills were therefore allowed to retain the property pending the litigation.    In due course of time the action in replevin was tried before the justice, resulting in a judgment in Bowman's favor.    The judgment of the justice was entered in this form:    "It is therefore adjudged by the justice that the defendants and their security, C. A. Parker, shall return and deliver the property to the plaintiff (Bowman) or pay to the plaintiff the assessed value thereof the sum of two hundred and seventy-three dollars with all costs of suit."

An execution on this judgment was issued by the justice and placed in the hands of the constable, who at once, under the direction of Bowman, and by the apparent consent of the Hills, took possession of the furniture, etc., sued for and tendered the same to Bowman, the successful plaintiff in the replevin suit.    Bowman refused to accept the goods and demanded the $273, the appraised value.    Thereupon Oxen-

dine, the constable, abandoned the goods and was threatening to levy on Parker's personal property to satisfy the same when the latter brought this suit in the Jasper circuit court to enjoin further proceedings on the execution. It is also proper to state that in addition to the offer to turn over the property to Bowman, Parker also paid all the costs and damages in the replevin suit.

On a trial of the injunction, judgment was rendered in Parker's favor, the execution was perpetually enjoined, and Oxendine and Bowman appealed.

1. The substance of plaintiff's claim is, that by the offer to deliver to Bowman the goods (the subject of controversy in the replevin suit) he performed all that was required by his bond and the judgment of the justice and he can not therefore be held to pay the $273, the assessed value. By reference to the statute governing replevin suits before a justice of the peace (section 6186) it will be seen that in the action of Bowman v. Hills, the successful plaintiff was entitled to a judgment against the defendants and Parker, their security, for the recovery of the property or for "the assessed value thereof, *at the election of the plaintiff.*" But the justice's judgment (quoted in the foregoing statement) gave no such option. Under said judgment it may well be claimed, as does the respondent Parker, that having offered, through the constable, a return or delivery of the goods sued for in replevin, he, said Parker as security, has done and performed all the judgment calls for—in other words, has made good his obligation on the forthcoming bond. And, in our opinion, he is right in this contention. The judgment of the justice, in effect, directed the defendants and their security in the replevin suit to deliver the property to the plaintiff therein, or, in default thereof, to pay said plaintiff the assessed value; it did not however give any option to the plaintiffs to take one or the other. Such judgment constituted an

election by the plaintiff to take the property, and when so tendered plaintiff could not rightly refuse to receive it and demand, as of right, the assessed value.  Oskaloosa Steam Engine Works v. Nelson, 54 Iowa 519.  It may be said here, as in the case just cited: "It was not a judgment for the return of the property, or for its value at the option of the plaintiff therein.  He then and there by the judgment elected to take the property, and was only entitled to its value *in default of the recovery* of the property by proper process. This fixed the rights of the parties, and when the property was tendered by the defendant he (the plaintiff) was bound, under the judgment, to receive it."

In the case at bar the tender of the property to Bowman (plaintiff in replevin suit) was equivalent to an actual delivery, and was a full offer by the defendants and Parker, their security, to comply with the obligation resting on them by force of the justice's judgment and the terms of the forthcoming bond.  And assuming now that the execution in the hands of the constable followed the terms and provisions of the judgment on which it was based, the tender of the property by the constable to Bowman (plaintiff in replevin) was tantamount to a satisfaction of the execution and the judgment.  After that the constable had no right or legal authority to demand payment from Parker of said $273, the assessed value of the replevied property; the execution in his, the constable's, hands had then become in fact satisfied.

2.  Up to this point, the merits, we think, are with plaintiff Parker.  But it does not follow that he can maintain this action.  The injunctive process can only be invoked in the absence of an adequate legal remedy.  Even to concede that the constable was proceeding to execute a writ of execution at that time *functus officio,* and yet the defendant (plaintiff here) was not authorized to resort to an injunction, because he had ample remedy at law.  Either of three legal

remedies were open. He could have sued the constable in trespass, or could have moved to quash the execution, or further, could have replevied the property from a purchaser at the constable's sale. Railway v. Lowder, 138 Mo. 533, and cases cited; 1 Freeman on Ex. (2 Ed.), sec. 77; 2 Freeman on Ex. (2 Ed.), sec. 436.

In the last cited authority it is said: "If the judgment has been satisfied either prior or subsequent to the issue of the execution, the defendant has an adequate remedy by motion to the court, which may quash the writ, or order satisfaction of the judgment to be entered. Hence there is, in ordinary circumstances, no necessity for invoking the aid of equity because the writ has been satisfied; and if unnecessarily invoked, such aid ought to be denied."

This same author cites a case (McClellan v. Marshall, 19 Iowa 561) which sustains an injunction under circumstances like this. But the opinion in that case is not at all satisfactory and fails altogether to notice the rule that equity will not interfere except in the absence of an adequate remedy at law. This decision is, we think, opposed to the great weight of authority and especially the decisions of the appellate courts of this state, some of which are cited by appellants' counsel.

My associates concur in the last paragraph or division of the foregoing opinion, but deem it unnecessary to express an opinion on the first branch. The first paragraph then is to be treated only as my individual views. For the reasons then assigned in the second or last paragraph the judgment will be reversed and cause remanded with directions to dismiss the bill.