## THE STATE ex rel. CHANDLER v. CHARLES C. ALLEN, Judge.

### In Banc, June 17, 1911.

1. CIRCUIT COURT: Divisions: Transfer of Judges: Jurisdiction. A judge of a circuit court composed of several divisions, who as chancellor has heard an equity case in one division to which he was legally assigned and taken it under advisement, and before he has decided it has been legally assigned to another division, has authority to decide the case. A judge of the circuit court of the city of St. Louis is elected and qualified as judge of the circuit court, and not as judge of a division thereof; and he is as much a circuit judge after his legal transfer by the General Term from one division to the other as he was before the transfer.

2. ————: ————: ————: ————: New Trial: Record. When a judge of a circuit court is legally transferred from one division thereof to another he does not, as to a cause he has previously tried and which has been submitted to him for judgment and held by him under advisement until the time of his transfer, lose jurisdiction to render judgment therein. Neither party has the right to go into the division which the judge has left and have the order of submission set aside and a new trial ordered. The proper course is for the judge who heard the cause and to whom it was submitted to proceed to render judgment, and then that judgment can be recorded as the judgment of the court, or if there is a separate record book for the division in which it was heard it should be recorded in that book and the judge who heard it should sign that part of the record. But if entered in any part of the records of the circuit court it becomes a judgment of the court.

3. ———: ———: ———: ———: **Inviting Another Judge of Court to Division.** Although there is no express provision of the statute authorizing a judge of the circuit court, who has been legally assigned to a division, whenever he is sick or absent, or for any reason is temporarily unable to hold his special term, to request another judge of the court to hold court for him in his division, yet none is necessary. The judge of the court who answers to such a request does not intrude into the judicial premises of the judge who invites him, or encroach on his jurisdiction, for the judicial authority he exercises arises from the fact that he has been elected and has qualified as a judge of the same circuit. The assignment of a judge to a division does not make him any the less a judge of the circuit court of the particular circuit; it only apportions to him his share of the work and gives him exclusive jurisdiction thereof.

4. ———: ———: ———: ———: **Criminal Division.** The fact that in the division of the circuit court to which the judge was regularly assigned only civil cases are tried, and the division to which he has been transferred is a division of the court for the trial and determination of criminal causes, does not affect his jurisdiction, after such transfer, to render judgment in an equity case previously heard by him and taken under advisement. He is as much a judge of the circuit court while presiding in the criminal division as he was while presiding in the civil divison.

## Mandamus.

WRIT DENIED.

*Joseph S. Laurie* for relator.

(1) When Judge McQuillin was transferred by order of general term from Division No. 6 to Division No. 12 he lost jurisdiction of all causes belonging to Division No. 6, including the cause in question, which he, at the time of the transfer, held under advisement. This being true, there remained no alternative save that his successor in Division No. 6, respondent herein, should reinstate said cause upon the docket for trial. State v. Mason, 82 Mo. App. 240; State v. Nast, 209 Mo. 708; Haehl v. Railroad, 119 Mo. 325; State v. Eggers, 152 Mo. 485; Goddard v. Delaney, 181 Mo. 581. (2) Judge McQuillin can have legally no opportunity

to decide this case. He cannot decide it from the bench of the criminal division where he presides; neither can he come back to his former division for that purpose, for the reason that such division is already occupied. The rule of impenetrability prevails in law as well as physics, and two judges cannot occupy the same division at the same time. Judge McQuillin cannot be called in to "aid" the present judge of No. 6 by trying this case, for the reason that the same, having been already tried, is no longer on the docket. (3) When Judge McQuillin was assigned to the criminal division, his connection with the case at bar was absolutely severed, and he cannot, while judge of said division, be reinvested with power to decide this case under any of the provisions of the statute. If the statute does not authorize the calling in of Judge McQuillin by Judge Allen to decide this case, it cannot be done. State v. Gilham, 174 Mo. 675.

VALLIANT, C. J.—This is an application for a writ of mandamus to require the respondent, a judge of the Eighth Judicial Circuit, to take jurisdiction of a cause alleged to be pending in Division No. 6 of the circuit court of the city of St. Louis. The city of St. Louis alone constitutes the Eighth Judicial Circuit. The court for certain purposes is divided into twelve divisions, there are twelve judges, to each division one judge is assigned; each division sits separately for the trial and determination of causes which have been assigned to it, and, when so sitting, is called a court in Special Term. For certain purposes prescribed by statute the twelve judges, or a majority of them, may sit In Banc, and hold a session of court which is called a General Term. The court in General Term has power to make rules and orders for certain purposes, among which purposes are rules regulating the assignment of causes to the several divisions, and orders assigning the several judges to the several

divisions. In June, 1909, Judge McQuillin was, and still is, one of the judges of that court, his term of office being six years from January 1, 1909. He had been duly assigned to Division No. 6, and there was a suit pending in the court, which had been regularly assigned to that division, in which suit Albert B. Chandler, the relator herein, was plaintiff and the United Railways Company was defendant. It was an equity suit; it came on for trial before Judge Mc-Quillin, who as chancellor heard the cause on the pleadings and proof on both sides; it was argued by counsel and duly submitted for judgment and was by the court taken under advisement. While the cause was so held under advisement the court in General Term made an order, as it had authority to do, transferring Judge McQuillin from Division No. 6 to Division No. 12 of that court, and at the same time and by the same authority Judge Allen was transferred from Division No. 12 to Division No. 6; whereupon the two judges made the exchange of positions, Judge Mc-Quillin assuming the position of presiding judge in No. 12 and Judge Allen in No. 6. After this exchange the relator went into No. 6 and moved the court to set aside the submission of the above mentioned cause and remand it to the docket for trial, on the theory that Judge McQuillin being no longer the judge of that division of the court had no jurisdiction to render judgment therein, and that Judge Allen, not having tried the cause, could not render judgment. Judge Allen was of the opinion that he had not jurisdiction of the cause and therefore refused the motion, then the relator came to this court for a writ of mandamus to require Judge Allen to take jurisdiction.

The relator contends that when Judge McQuillin was transferred from No. 6 to No. 12 his jurisdiction of the cause was as completely terminated as if his term of office had expired. In the opinion of the learned counsel for relator, in a case like this there is no

difference between the condition caused by the trans-
fer of a judge of the circuit court of the city of St.
Louis from one division to another and that caused by
the death or expiration of the term of office of a judge
in a circuit where there is but one judge. We do not
concur in that view. If a judge having tried a cause
and taken it under advisement, should allow his term
of office to expire before he renders his judgment he
could not of course render the judgment, nor
could his successor who had not tried the cause;
but to say that a judge who has tried the cause
and taken it under advisement and still holds
his office cannot render judgment is not logical.
Judge McQuillin was not elected and quali-
fied as judge of Division No. 6 of the circuit court of
the city of St. Louis, but as judge of that court; he
tried this cause as such and he is as much judge of
the circuit court of the city of St. Louis now as he
was then; he derived his authority to try the cause
from his election, commission and qualification, and
that authority he still has. That is the difference
between the authority of the judge whose term has ex-
pired and the judge whose term has not expired.

The whole argument of the relator is based on
the proposition that each division of the court has, for
the trial of a case regularly assigned to it, exclusive
jurisdiction, and therefore another judge of the court
sitting in another division cannot make an order or
render a judgment in that case.

The organization of the court with its twelve divis-
ions creates the necessity of dividing the cases pending
therein and assigning causes to the several divisions
respectively and the necessity of giving to each divi-
sion the exclusive jurisdiction to hear and determine
the causes assigned to it. If it were not so, if a divi-
sion in a Special Term or a judge thereof should have
jurisdiction to make orders or render judgments in
causes assigned to other divisions, confusion would

result and the administration of justice be impeded. This court has decided in a number of cases cited by counsel for relator that when a cause is assigned to a division of that court that division has as exclusive jurisdiction of that cause as would the circuit court in a county where there is but one judge have of a cause pending therein. We have nothing to take back in any of the points decided in either of those cases, but those decisions do not go to the extent that the counsel would have us go in this case; what is said in the decision in each of those cases is said in reference to the facts of that case.

In Voullaire v. Voullaire, 45 Mo. 602, the cause had been tried by a judge in one division, judgment rendered, and a motion for a new trial filed; the cause was then by order of that court in Special Term transferred to another division where the motion for a new trial was overruled. This court held that the judge that tried the cause alone had jurisdiction to pass on the motion for a new trial and render final judgment.

In Haehl v. Railroad, 119 Mo. 325, the cause was duly assigned and pending in Division No. 5 and was set for trial, but on a day before the trial, when No. 5 was not in session, the defendant went into No. 3 and made application for a special jury, which was refused, and thereupon the judge in No. 3 signed a bill of exceptions showing that the application was made and refused; the cause went on to trial and judgment against the defendant in No. 5; it came to this court on defendant's appeal and it was here contended that it was error to have refused the application for a special jury, but this court held that judge in division No. 3 had no judisdiction to entertain the application. In the course of the opinion it was said, l. c. 337: "After a cause has thus been assigned to a judge for trial in Special Term, the jurisdiction to try the same and to transact such other business as is incident to the trial thereof, is vested solely in such judge and cannot be

exercised by any of his associates, unless the case itself is sent to such associate in the manner provided by law.''

In State ex rel. v. Eggers, 152 Mo. 485, the court construed section 16 of the Act of 1899, now section 4157, Revised Statutes 1909, which is as follows:

''Each judge of said circuit court in vacation, shall have and exercise the same powers that he might have and exercise if he were the sole judge of said court.''

It was held in that case that if a division was in vacation, and if the judge assigned to that division could make the order in vacation, any other judge of the court could make the order.

In Goddard v. Delaney, 181 Mo. 564, a *scire facias* had issued to revive a judgment. The judgment had been rendered in Division No. 2 and the *scire facias* when sued out was assigned to No. 4; it was contended that No. 4 had no jurisdiction of the writ, but this court held that when the suit was ended, final judgment entered and all proceedings in No. 2 had ceased, the record in the cause then belonged to the whole court and the *scire facias* could be assigned to any division. The court in the course of the opinion said: ''The circuit court of the city of St. Louis, which is the Eighth Judicial Circuit, is one court, composed of many parts called divisions, each division being, for certain purposes, in itself a complete court, and independent of the other divisions. A suit is not begun in a division; it is begun in the circuit court, and, under rules of the court, is assigned to a division. When a cause is assigned to a division that division becomes as to that cause a whole court, and has exclusive jurisdiction of it as a circuit court of an adjoining county has of a cause pending in it.''

Those cases go as far as this court has ever gone in the direction the relator would lead us, but they stop short of holding that when a judge is transferred from one division to another he is, as to a cause that

he had tried and which had been submitted for judg-
ment and held by him under advisement, bereft of
jurisdiction as completely as if he had died or his
term of office had expired. This court has never so
held. There is good reason for holding that a judge
who had not tried a cause could not pass on the motion
for a new trial while the judge who had tried it was
still in office; or that a judge in one division had not
jurisdiction to order a special jury to try a cause
pending in another division; or that when the court
is in vacation either judge may make any order that
any other judge could make. But there is no reason
for saying that a judge who has tried a cause and holds
it in his breast cannot render judgment because he has
been transferred to another division of the same court.

It has been the practice of that court, ever since
its organization into divisions, that whenever a judge
was sick or absent, or for any cause was unable tempo-
rarily to hold his Special Term, he would request an-
other judge of the same court to hold court for him in
his division, and that would be done. There is no ex-
press provision in the statute authorizing that prac-
tice; but none is necessary. Section 3960, Revised
Statutes 1909, makes provisions for such an emergency
in a circuit where there is but one judge and authorizes
him to invite a judge from another circuit to come to
his assistance. It was necessary in such case to have a
statute authorizing a judge from another circuit, who
is really a judge of another court, to preside in a court
out of his circuit, but when a judge of the circuit court
of the city of St. Louis calls to his assistance another
judge of the same court, the judge who answers the
call does not intrude into the judicial premises of the
judge who invited him, or encroach on his jurisdiction,
and the judicial authority which he would exercise
when holding court for his brother judge would be the
fact that he is a duly qualified judge of that court.

235 Sup.—20

The assignment of a judge to division does not make him any the less a judge of that court, it only apportions to him his share of the work and gives him exclusive jurisdiction thereof.

It is said that Division No. 12 to which Judge McQulllin is now assigned is one of the divisions of the court for the trial and determination of criminal cases, but that does not alter the case; he is as much a judge of the circuit court of the city of St. Louis while presiding in No. 12 as he was while he presided in No. 6. He is under the same restrictions as to interfering in a case pending in another division as any other judge, but that restriction applies as well to another division exercising criminal jurisdiction as to a division exercising civil jurisdiction, there is no difference, and in vacation he may, under section 4157, Revised Statutes 1909, exercise the same power in any case, civil or criminal, that any other judge of that court could exercise.

We hold that under the circumstances of this case Judge McQuillin has jurisdiction of the cause above mentioned wherein Albert B. Chandler is plaintiff and the United Railways Company is defendant. and that it is his duty to render judgment therein, and that Judge Allen was correct in his holding that he had not jurisdiction of the cause.

We do not find any provision in the statute providing where the judgment to be rendered by Judge McQuillin should be recorded; that is a matter of detail for which no especial provision in the statute seems to have been made and if the court in General Term has made any order in relation thereto, as it would have the authority to do under section 4152, Revised Statutes 1909, it is not in evidence. But the absence of such a provision is not a matter essential to the exercise of the jurisdiction. There is but one clerk of the ten divisions exercising jurisdiction of civil causes; it is his duty to enter the judgment, and

wherever he enters it it becomes the record of the court. It would seem appropriate to enter it in the book of records in which the proceedings in No. 6 are kept, because the other proceedings in the case are recorded there. For convenience a separate book of record is kept for each division, but that does not alter the fact that the record so kept is the record of the court and not that of a division. If the judgment to be rendered in conformity to this opinion should be entered in the record book for No. 6, that part of the record should be signed by Judge McQuillin.

The peremptory writ of mandamus against Judge Allen is denied.

All concur, except *Graves, J.,* who dissents.