In the Matter of the CONDEMNATION OF LAND FOR OPENING AND ESTABLISHING A PUBLIC PARKWAY in KANSAS CITY, MISSOURI, Known and Designated as WARD PARKWAY. LELIA L. HAYES and LILLIE E. LYLE, Appellants.

Kansas City Court of Appeals, April 5, 1915.

1. **JUDGMENTS: Jurisdiction.** The jurisdiction of a court to render a binding decree depends upon, first, whether it has been given authority of law to hear the class of cases in which judgment is sought; second, whether the party seeking the court's

aid has invoked its power in the particular case; and third, have those whom the judgment will affect, been given the required notice?

2. ———: ———: **Condemnation of land for park under Kansas City Charter.** The jurisdiction to hear that class of cases known as proceedings for the condemnation of land for a park or parkway is vested by the Kansas City charter in the circuit court of Jackson county, Missouri.

3. **JACKSON COUNTY: Divisions.** The circuit court of Jackson county, although composed of several divisions, constitutes but one court. A cause is filed in the circuit court and not in a division, but, after it has been filed, is sent to a division by the Assignment Division. When a cause has been assigned to a division, that one has jurisdiction thereover so long as the case remains in the division to which it has been assigned. But this does not prevent a division from acquiring jurisdiction over a cause previously assigned to another division, where the division to whom the case was first sent, returns the case to the Assignment Division and there the case is re-assigned to the other division.

4. ———: ———: ———. In a proceeding brought to condemn land for a parkway and to assess benefits against certain other separate property adjacent thereto, the cause was properly assigned to Division No. 1 of the circuit court, and it proceeded, in the manner pointed out by law, to notify the owners of the land affected that a jury would be empaneled in said division on a certain date. Notice was given by publication and also by personal service. The day before the day set in the notice, the cause was sent back to the Assignment Division where the case was reassigned to Division No. 2, which, on the day set, found that notice had been duly given and empaneled a jury and thereafter proceeded to judgment wherein damages were awarded appellants for the land taken, and benefits were assessed against other separate and distinct lands owned by them which were not taken. Thereafter appellants assigned the damages awarded as an offset to the benefits. This was an unequivocal acceptance of the benefits of the judgment and a recognition of its validity, and was a waiver of any irregularity in the proceeding arising after the service of the notice upon appellants.

5. ———: ———: ———. The proper steps having been taken whereby the cause was duly filed in the circuit court, and that court, through its Division No. 1, having caused notice to be personally served upon appellants whereby they had actual notice of the pendency of the proceeding, this was sufficient to give the circuit court jurisdiction of the subject-matter of that particular case and to proceed with it, and the fact that the

jury was empaneled and the trial had in another division, to which it had been sent according to law, did not render the judgment void *ab initio* but was a mere irregularity which appellants waived by accepting the benefits of the judgment.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas*, Judge.

AFFIRMED.

*House, Manard, Allen & Johnson* for appellants.

(1) The several divisions of the circuit court of Jackson county, Missouri, constitute one court, but when a cause is assigned to any one, that division obtains the sole and exclusive jurisdiction thereof independent of each of the other divisions. State ex rel. v. Allen, 235 Mo. 298; Goddard to Use v. Delaney, 181 Mo. 564; State ex rel. v. Eggers, 152 Mo. 485; Haehl v. Railroad, 119 Mo. 325; Fenn v. Reber, 153 Mo. App. 219; People v. Woodruff, 129 Ill. 591; State ex rel. v. Reynolds, 209 Mo. 161. (2) Appellants' motion to quash should have been sustained as Division No. 2 never obtained jurisdiction of the subject-matter of this proceeding: (a) Because the order of publication was made in Division No. 1, and that division returned the cause to the Assignment Division before proof of publication was filed therein. Section 11, article 13, charter of Kansas City, Missouri, 1909; In re Bledsoe Hill, 200 Mo. 630; Eaton v. St. Charles, 76 Mo. 492; St. Louis v. Gleason, 89 Mo. 67; Connors v. St. Joseph, 237 Mo. 612; Kansas City v. Duncan, 135 Mo. 571; City of Tarkio v. Clark, 186 Mo. 285; Priest v. Capitain, 236 Mo. 446; State ex rel. v. Muench, 217 Mo. 124; Heatherly v. Hadley and Owen, 4 Oregon, 1. (b) Because proof of publication was never filed in Division No. 2, but was filed in Division No. 1. City of Tarkio v. Clark, 186 Mo. 285; Priest v. Capitain, 206 Mo. 446; State ex rel. v. Muench, 217 Mo. 124; Heatherly v. Had-

ley and Owen, 4 Oregon, 1; Doddridge v. Patterson, 222 Mo. 146; In re Bledsoe Hill, 200 Mo. 630. (3) The judgment in this proceeding is void and appellants' motion to quash should have been sustained because the jury was empaneled at a different time and a different place than the time and place set forth in the order of publication. Section 11, article 13, charter of Kansas City, 1909; Russell v. Grant, 122 Mo. 161; Ohlman v. Clarkson Saw Mill Co., 222 Mo. 62; Meier v. St. Louis, 180 Mo. 391; Rusk v. Thompson, 170 Mo. App. 76, 156 S. W. 64; Andrews v. St. Louis, 47 Mo. 479.

*A. F. Evans* and *Jay M. Lee* for respondent.

(1) The circuit court of Jackson county is one court, not several; and causes may be sent from one judge to another in division as the individual judges may agree and direct. R. S. 1909, sec. 3971; State ex rel. v. Allen, 235 Mo. 298, 306; Haehl v. Railroad, 119 Mo. 325, 339. (2) The circuit court had jurisdiction of the cause and of appellants: (1) Of the cause by due filing of petition with copy of ordinance and map and by orders entered in due course in the case; Charter of Kansas City, art. 13; Appellants' Abstract of Record, page 2; State ex rel. v. Muench, 217 Mo. 124; Leonard v. Sparks, 117 Mo. 103. (2) Of the persons of appellants; Regent Realty Co. v. Armour Packing Co., 112 Mo. App. 271; Rumsey Mfg. Co. v. Baker, 35 Mo. App. 217. (3) Division 2 became possessed of all of circuit court's jurisdiction of both cause and person: (a) Of the cause; Appellants' Abstract of Record, pp. 45, 46, 59, 60; R. S. 1909, secs. 3969, 3970, 3971. (b) Of the persons. Ibid. Appellants' Abstract of Record, page 99; State ex rel. v. Allen, 235 Mo. 298, 306; Connors v. St. Joseph, 237 Mo. 612, 619.

TRIMBLE, J.—This is an appeal by Lelia L. Hayes and Lillie E. Lyle from an order overruling a

motion to quash a special execution issued upon a judgment rendered in the circuit court of Jackson county, Missouri, in a proceeding therein for the condemnation of land in Kansas City for a parkway known as "Ward Parkway" under the power given by the charter of said city. In this proceeding certain lands, including some owned by appellants, were condemned, appropriated, and taken by Kansas City for said Parkway, and damages for the taking thereof were awarded against Kansas City in favor of the owners thereof, including appellants. The territory adjacent to said Parkway, and benefited by the establishment thereof, was included in a benefit district created by the proceeding, and the property therein, (among which was certain other lands owned by appellants), was assessed with the benefits accruing to it by virtue of the creation of said Parkway. The court in said proceeding then rendered judgment that Kansas City, upon payment of the compensation awarded to the owners of the land taken, should have and hold the same for a public parkway, and also rendered judgment that Kansas City recover in one installment the amounts assessed as benefits against the property benefited and that said property stand charged therewith and be bound for the payment of the respective assessments thereon, and directed the enforcement of the collection thereof by a special execution issued against the lot, tract or parcel of land charged with the lien thereof. Said judgment was rendered May 18, 1912, and became final.

On July 2, 1913, appellants not having paid the benefits assessed against their property in the benefit district, which assessments were then long past due, the special execution involved herein was issued, returnable on the first day of the September, 1913 term, it being September 8th of that year.

On the 9th of July, appellants filed motion to quash said execution and on the 20th of that month, they filed an amended motion to quash which was heard

by the court on July 30, 1913, and overruled. Thereupon an appeal was taken, and, on the theory that jurisdiction thereof was in the Supreme Court, the case was sent to that tribunal. The Supreme Court being of the opinion that jurisdiction was in this court sent it back here, and we now have it for determination.

The ground of appellant's motion is that the trial court, in the condemnation proceeding, obtained no jurisdiction. This claim grows out of the following facts:

The condemnation proceeding was instituted during the September term, September 28, 1911, and at that time the circuit court of Jackson county was composed of eight divisions, seven of which held their meetings in separate court rooms in the county courthouse in Kansas City, and one at the county courthouse in Independence. At the beginning of each term the various judges sit *en banc* and select one of their number to act as Assignment Judge for that term, and his division is called the Assignment Division. A part of his duties is to assign causes to the various divisions for trial.

On the day the condemnation proceeding was filed, the Assignment Judge assigned it to Division No. 1 for further hearing. And on the same day Division No. 1 made and entered of record an order of publication in due and proper form notifying all concerned in said proceedings that on November 3, 1911, in the court room of Division No. 1 of the circuit court of Jackson county, Missouri, at Kansas City, Missouri, at the county courthouse in Kansas City, Missouri, a jury would be empaneled to ascertain and fix the compensation to be paid for the property taken or damaged and also the benefits, if any, to be assessed against the property in the benefit district, and to make the assessments therefor. In this order of publication it was provided that the order should be published in

each issue of a certain newspaper (named in said or-
der) in Kansas City, Missouri, for four successive
weeks, the last insertion to be not more than one week
prior to the day fixed for the hearing. It was further
provided in said order of publication that the parties
owning or having an interest in the real estate pro-
posed to be taken or damaged, be served within said
city with a copy of the order, either by delivering to
each of said owners or parties interested, at any time
before the day fixed therein for the hearing, a copy of
said order, or by leaving such copy at their usual place
of abode with some member of their respective families
over the age of fifteen years. All of which was author-
ized by section 11, article 13 of the Kansas City Char-
ter of 1909, being the charter in force.

On November 2, 1911, it being still the September
term, and on the day before the day set in the order
of publication for the empaneling of the jury, Divi-
sion No. 1, for good cause shown, made and entered of
record an order that the proceeding be returned to
the Assignment Division. The next day, November
3, 1911, proof of the order of publication was filed in
Division No. 1 showing that the order was published
in the designated paper for the requisite length of
time and that a copy of said order of publication was
personally served upon each of the appellants on Oc-
tober 11, 1911, in Kansas City.

The same day, in the Assignment Division, an
order was entered of record reciting that Kansas City
appeared as did all persons and parties interested in
this proceeding, whereupon the proceeding was as-
signed to Division No. 2 of said court for further hear-
ing. Thereafter on the same day, in Division No. 2, an
order was entered of record reciting that Kansas City
appeared as did all parties and persons interested in
said proceeding, and that Kansas City filed and sub-
mitted proof of the lawful publication and personal
service of the order of publication, and the court found

that both were made as required by law. The next day, November 4, 1911, a jury was empaneled in said Division No. 2. Some weeks thereafter a trial was had, and on February 14, 1912, the jury returned a verdict allowing the sum of $1775 as damages to appellants for the taking of certain lots owned by them, and assessed benefits against certain other separate and distinct property owned by them in the benefit district, but not taken or damaged, in the sum of $2781. The jury found that no piece of property not actually taken was damaged, and that the benefits to private property exceeded the compensation assessed. On the 18th of May, 1912, judgment was rendered confirming said verdict, being the judgment hereinbefore mentioned and on which the special execution in question here was issued.

It will be observed from the foregoing that the order of publication specified the court room of Division No. 1 as the place where the jury would be empaneled and the hearing had, whereas, although the order of publication was filed in the cause in Division No. 1, yet, before anything else was done in that Division, the proceeding was sent back to the Assignment Division and there reassigned to Division No. 2 where the proof of publication of the order of publication and of the personal service upon appellants herein was found sufficient, and where the jury was empaneled and the trial had. For this reason, appellants contend that Division No. 2 acquired no jurisdiction. This contention is based on the theory that although the several divisions of the circuit court of Jackson county constitute but one court, yet when a cause has been assigned to any division, it obtains sole and exclusive jurisdiction thereof independent of each of the other divisions. Appellants do not so state, but their complaint necessarily involves the further assumption that even though a case, after it has been assigned to one division, be sent to another division in

accordance with the law, no jurisdiction is acquired by the second division from the steps taken in the first.

When want of jurisdiction is asserted it is not always clear what is meant. The jurisdiction of a court to render a binding judgment depends upon several things: First, whether it has been given authority of law to hear the class of cases in which the judgment is sought? Second, if so, has the party seeking the aid of the court properly invoked the power of the court to act by taking the necessary steps to that end, as by filing such a pleading as will show him entitled to have the machinery of the court put in motion in his behalf. These two being settled in the affirmative, there remains a third question: Have the opposite parties, or those upon whom the judgment will operate, or whose interests it will affect, been given the required notice?

We do not understand appellants as questioning the jurisdiction of the circuit court of Jackson county to try proceedings of the nature involved herein. Nor is there any contention over the regularity of the steps taken to invoke that jurisdiction up to the time the order of publication was made, nor indeed up to and including the publication of the order of publication and the personal service of said order upon appellants. To that point all the requirements of the Charter were complied with. Whatever complaint appellants have, or can raise, as to lack of jurisdiction, grows out of what thereafter took place in the circuit court of Jackson county, Missouri. And a careful analysis of the various points made by them, in support of their claim of want of jurisdiction, discloses that, with possibly one exception, they all have to do with the third question herein above mentioned, namely, were appellants, upon whose interests the judgment is now about to operate, duly notified? We will dispose of this question now and take up the possible exception later.

According to the course of procedure marked out by the Charter, the clerk of the circuit court, after the judgment became final, certified, in the manner provided by law, to two copies of the verdict and delivered one to the city comptroller, and the other to the city treasurer of Kansas City. Now, those persons whose property was taken for the parkway, but who had no property outside thereof to be assessed with benefits, were entitled to receive the damages or compensation awarded them for their property. Those who had property taken, and also other property in the benefit district, were entitled to be paid their compensation for the property taken but would have to pay the benefits assessed against the property in the benefit district in order to save such property. Appellants belonged to this class. They owned property in the Park which was taken, and for which they were allowed compensation in the sum of $1775; they also owned other separate and distinct property in the benefit district against which assessments were made amounting to $2781; they were, therefore, entitled to receive $1775 and would be required to pay $2781. Consequently, they could assign to the city the amount they were entitled to receive, or any part thereof, in payment, *pro tanto,* of the amount due from them. This appellants did. Before the execution herein was levied they appeared in the city treasurer's office and executed an assignment of $1139.50 of such compensation as an offset against the amount due for assessments on certain lots owned by them in the benefit district, and the lots so designated were thereby credited with the amount assessed against them respectively, and were fully relieved of such assessments. Appellants designated the particular lots to be credited, and refused to allow the credit to be applied on certain other lots owned by them, saying the last mentioned lots were not worth the assessment against them. This was a clear and unequivocal acceptance of the benefits

of the judgment and a recognition of its validity. By their action appellants waived any irregularity, if any existed, in the proceeding with regard to their right to be notified of the time and place of empaneling the jury and of the trial thereafter. This seems to be so plainly a waiver of all irregularities, if any which existed as to appellants, as to call for no citation of authorities. But if any are needed, the principle is recognized in the case of State ex rel. v. Seehorn, 246 Mo. 568, l. c. 578, 580.

But appellants say the judgment is absolutely void from the beginning, and here comes in the possible exception noted above.

The claim that the judgment is absolutely void must, in order to be valid, rely in its last analysis upon the second of the three questions relating to jurisdiction, namely, has the party seeking to invoke the jurisdiction af the court in the particular case taken the proper steps to do so? That is, has he made such application to the court and has the court given such notice as will enable it to proceed at all? And appellants' contention must stand or fall upon the answer to this question. For, if the court was, through the steps taken, enabled to proceed at all, then whatever violations of lawful procedure were thereafter committed, were mere irregularities which the appellants, by their conduct above noted, have waived.

To maintain their position that the judgment is void *ab initio,* appellants say that, while it is true that the several divisions of the circuit court of Jackson county constitute but one court, yet when a cause is assigned to one division, that one obtains the sole and exclusive jurisdiction over such cause independent of every other division. Hence the true statement of appellants' complaint, on the point now considered, is that Division No. 2 is a separate and distinct court from Division No. 1 having a jurisdiction exclusively

188MA37

its own, and as no proper steps were taken therein whereby it was enabled to proceed, the judgment rendered therein is absolutely and utterly void.

It is no doubt true that when a cause has been assigned to a division, that one has jurisdiction thereover to the exclusion of every other division, *so long as the case remains in the division to which it has been assigned.* But appellants overlook or ignore the fact that in this case, the cause was not retained in Division One but was sent back to the Assignment Division and by it reassigned to Division No. 2 according to law. In this respect the case is entirely different from the cases of State ex rel. v. Allen, 235 Mo. 298; State ex rel. v. Eggers, 152 Mo. 485; Haehl v. Wabash R. Co., 119 Mo. 325, and others cited by appellants in support of their contention. In these cases the holding is merely that when a case has been assigned one division *and is still there,* the jurisdiction of such division is exclusive. But that has no application to the facts of this case where the division to which the case was assigned had surrendered its jurisdiction in the manner provided by law, and the case had been lawfully sent to another division. Indeed, some of the cases cited by appellant recognize the jurisdiction of the other division when the case has properly come to it. In the Haehl case, supra, at page 337 it is said, "after a case has thus been assigned to a judge for trial in special term, the jurisdiction to try the same and to transact such other business as is incident to the trial thereof, is vested solely in such judge, and cannot be exercised by any of his associates, *unless the case itself be sent to such associate in the manner provided by law.*" (Italics ours.) In Goddard v. Delaney, 181 Mo. 564, cited by appellants it is said at page 581, "A suit is not begun in a division; it is begun in the circuit court, and, under the rules of the court is assigned to a division . . . Causes, however, under rules, may be transferred from one division to another, and the court

in general term is empowered to make rules governing assignments and transfers of causes.'' The cases cited by appelllant are all either where the judge of another division was interfering with the jurisdiction of one division, or it was sought to have him interfere. This would lead to hopeless confusion and conflict of authority, but no such results can follow the course pursued here. To apply the above cases to the one at bar would result in preventing a case, after being once assigned to a division, from being sent back to the Assignment Division and reassigned to another division, although the statute provides for this. [Sec. 3971, R. S. 1909.]

Again, appellants admit that the several divisions constitute but one court, the circuit court of Jackson county, Missouri. And the charter provides that the proceeding must be brought in that court. [Sec. 11, Art. 13, Kansas City Charter, 1909.] A suit is not brought in a division. It is brought in the court and afterward assigned to a division. All the papers necessary to be filed to invoke the power of the court to start were filed, and upon them the order of publication was issued, and the appellants notified. The order of publication was in due and proper form. It directed how the order should be published and also that it should be personally served. The Charter authorizes this. [Par. 2, Sec. 11, Art. 13.] These things were done in strict conformity to law and the Charter requirements. Paragraph 4 of section 11 of article 13 of the Charter makes the affidavit of the publisher, accompanied by a printed copy of the order, prima-facie evidence of such publication. And paragraph 5 of said section 11 authorizes the service of such order (when the court directs personal service to be made) by a certain officer, and makes his return evidence of the facts therein. The order of publication was filed in Division No. 1 by the circuit clerk, who is clerk of the entire court, and to it was attached the affidavit of the publisher as required, and a return of personal service

of said order upon both appellants, signed by the proper officer, was also attached to the proof of the order filed. This return, of the officer is conclusive. [Regent Realty Co. v. Armour Packing Co., 112 Mo. 271, u. c. 279; Rumsey Mfg. Co. v. Baker, 35 Mo. App. 217.] Appellants, according to it, had notice of the proceeding as early as October 11, 1911. Not only did they have actual notice that the proceeding was pending in the circuit court, but the publication of the order of publication gave them constructive notice thereof. [Kansas City v. Ward, 134 Mo. 172; Kansas City v. Mastin, 169 Mo. 80; Meier v. St. Louis, 180 Mo. 391.] So that appellants were duly notified to appear in the circuit court. This was sufficient to give the circuit court jurisdiction of the subject-matter in that particular case and to proceed with it. The statutes provide for the assignment and reassignment of cases, and gives to the judges the right to make all needful rules applicable to the situation and necessary to facilitate the transaction of business. [Secs. 3969, 3970, 3971, R. S. Mo. 1909.] When the case was, for good cause, sent back by Division One to the Assignment Division and then reassigned to Division No. 2, the proof of the publication of the order of publication and of the personal service thereof upon appellants was presented to said Division No. 2 and it found that appellants had been duly notified. This notification to appellants was complete before the proof was made, and was sufficient to confer upon the circuit court jurisdiction in the particular cause. [Leonard v. Sparks, 117 Mo. 103; State ex rel. v. Muench, 217 Mo. 124, I. c. 138-9.]

If appellants rights were affected by the empaneling of the jury in another room than the one specified in the order of publication and the personal service thereof upon them, this was waived by them when they accepted the result of the judgment by appearing and accepting the damages awarded them, or at least a large part thereof, and using the same in payment of

the assessments placed against the most valuable portion of their other property.

They were undoubtedly notified to appear in Division No. 1, and if they had done so, of which there is no proof, they would have learned that the cause had been sent, according to law, to Division No. 2. In fact, the record of the case would have disclosed that fact to them since the evidence shows that the entire record of condemnation cases of this character is kept in one record and by one clerk. It is not necessary, however, for us to decide whether, had they appeared in Division No. 1 in answer to the notice they had, they would have been required to ascertain what had become of the matter, since the lack of opportunity to be present at the empaneling of the jury, if it constitutes an irregularity in the court's procedure, was waived by them in the manner aforesaid.

For the foregoing reasons we are of the opinion that the order and judgment overruling appellants' motion to quash the execution should be affirmed. It is so ordered. All concur.