In the Matter of Jerry Lee DUGAN, Joseph Wayne Dugan and James Thomas Dugan, Minors.

MISSOURI PACIFIC RAILROAD COMPANY, a corporation, Movant-Appellant,

v.

Joel DAVIS, Public Administrator of Jasper County, Missouri, Guardian and Curator, Respondent.

No. 7636.

Springfield Court of Appeals.

Missouri.

Dec. 31, 1957.

---

Harold L. Harvey, R. W. Yost, St. Louis, McReynolds, Flanigan & Flanigan, John H. Flanigan, Carthage, for appellant.

Emerson Foulke, Joplin, for respondent.

RUARK, Judge.

This, companion to In re Dugan's Estate, Mo.App., 309 S.W.2d 137, is an appeal from the judgment of the circuit court dismissing an appeal from the probate court, which had refused to revoke the appointment of a guardian for minor children.

On March 30, 1956, Joel Davis, public administrator, filed with the Probate Court of Jasper County his "application for appointment as guardian and curator of minors," in words as follows:

"Your undersigned, Joel Davis, Public Administrator of Jasper County, Missouri, respectfully represents that Jerry Lee Dugan of the age of 10 years, Joseph Wayne Dugan of the age of 12 years and James Thomas Dugan of the age of 16 years, are minors who have no domicile in the State of Missouri, but who have been found and are now present in the County of Jasper and State of Missouri.

"Your petitioner further represents to the court that the parents of said children are non-residents of the State of Missouri and that none of said minors have a qualified guardian and that your petitioner has been selected to serve as guardian herein.

"Your petitioner further states that each of said minors has a claim or choses in action against the Missouri-Pacific Railroad Company for damages of an indefinite value at the present time until the said claim has been prosecuted and liquidated.

"Your petitioner further states that he is the duly elected, qualified and acting Public Administrator of Jasper County, Missouri, and that he is qualified in law to become the guardian of such minors, and respectfully requests that he be appointed as such guardian.
"Joel Davis

"Joel Davis, Public Administrator"

On the same day the court entered its order, which is as follows:

"Now on this day comes Joel Davis, of Jasper County, Missouri and files his application of appointment as guardian of the person and estate of Jerry Lee Dugan, Joseph Wayne Dugan, and James Thomas Dugan, minors.

"Therefore it appearing to the court that said minors are in need of a guardian, and after an examination of said application of Joel Davis, and he being a suitable and proper person, it is ordered that he be appointed guardian of their estate and he is ordered to administer the same according to law under his official bond as Public Administrator."

Thereafter the court issued the certificate of appointment, and inventory was filed for each of such minors. Such inventories showed no real estate and no personal property "except an action for damages for personal injuries against the Missouri Pacific Railroad Company which resulted from an accident occurring on or about the 6th day of September, 1955." A contract dated March 30, providing for the employment of one James A. Dooley as attorney to represent them in an action for damages against the Missouri Pacific on account of

personal injuries suffered in an accident which occurred on September 6, 1955, at Chetopa, Kansas, was presented to the court and by it approved.

On September 27, 1956, the Missouri Pacific filed its "motion to revoke appointment of guardian and curator." This motion challenged the validity of the appointment on the ground (1) the minors were residents of Kansas and had no estate in Missouri; (2) the application was insufficient to invoke the jurisdiction of the court because of failure to comply with the requirements of section 475.060, V.A.M.S., Laws of 1955, section 293, page 475; (3) the court was without jurisdiction under section 473.743, R.S.Mo., V.A.M.S.; (4) the statement that said minors "have been found and are now present in the County of Jasper" was an effort to confer jurisdiction under section 475.035, V.A.M.S., Laws of 1955, section 288, page 473, which is only a venue statute. The motion then recited that Joel Davis, public administrator, under his supposed authority because of the appointment aforesaid, had filed an action against movant to recover damages, and that movant had an interest for such reason. This motion being overruled in the probate court, the Missouri Pacific appealed to the circuit court, where such appeal was eventually dismissed on respondent's motion, for the stated reason that appellant "is not an interested person authorized to appeal from the order and has no standing in court." From this judgment of dismissal the Missouri Pacific appeals to this court.

As stated by respondent, the central question in the case is whether appellant has an interest which gives it standing in court and the right to appeal. This question we discussed in In the Matter of the Estate of Jerrold William Dugan, supra. It seems to us that the same principles apply, and we therefore hold that appellant has such interest.

But an examination of the record convinces us that in this case it would be useless to remand for any further proceedings except to revoke the letters, because in our opinion the appointment is void on the face of the record.

Section 475.060, V.A.M.S., Laws of 1955, section 293, page 475, provides what must be contained in a petition for the appointment of a guardian. It must state (1) the name, age, domicile, actual place of residence, and post office address of the minor; (2) the estimated value of the minor's real and personal property; (3) if the minor is a nonresident, the county where the property is located; (4) the names and addresses of the parents and whether they are living or dead; (5) the name and address of the spouse of the minor; (6) the name and address of the person having custody of the person; (7) the name and address of any guardian; (8) if appointment is sought for a natural person other than the public administrator, the names and addresses of any wards for whom such person is guardian; and (9) the reasons why the appointment of guardian is sought. Section 475.070, Laws of 1955, section 296, page 476, provides that before appointing a guardian of minor notice of the petition shall be (unless waived) served upon (1) the minor if over fourteen years old and (2) the parents of the minor.

The power to appoint guardians is purely statutory. It must be exercised in the manner prescribed, and the application must be made in accordance with the statutes. 25 Am.Jur., Guardian and Ward, section 44, page 32; 39 C.J.S. Guardian and Ward § 24, pp. 41 and 42; see In re Allen's Estate, 307 Mo. 674, 271 S.W. 755; and In re Landgraf's Estate, 183 Mo.App. 251, 168 S.W. 268. The requirement of an application we think is jurisdictional. The probate court could not on its own motion and without following the procedure required by statute appoint a guardian. A part of the inquiry concerning jurisdiction of the court is, has a party seeking to invoke that jurisdiction taken the necessary steps to that end by the filing of such pleadings as will entitle him to

have the machinery of the court put in motion in his behalf? In re Condemnation of Land, etc., 188 Mo.App. 567, 176 S.W. 529, 531; see Poole v. Poole, Mo.App., 287 S.W.2d 372, 374. And it is essential to the validity of a judgment or decision that it shall have been rendered in an action or proceeding before the court in some form recognized and sanctioned by law. Carl v. Carl, Mo.App., 284 S.W.2d 41.

█ The requirement as to what the application shall contain is essential, not only so that the court may be able to determine its own jurisdiction of the subject matter, but also so that jurisdiction of the parties can be acquired by the notice required in section 475.070. And such notice *is* jurisdictional. 39 C.J.S. Guardian and Ward § 23(c), p. 39; Daugherty v. Nelson, Mo.App., 234 S.W.2d 353(14). Returning to the application: It gives the names and ages of the minors. It does not give either the domicile (which is one of the matters in pais the court must find as a fact to support its jurisdiction, Smith v. Young, 136 Mo. App. 65, 117 S.W.2d 628, 631) or the actual place of residence, nor does it give their addresses. They being minors, it could be *assumed* that their domicile is at the home of their parents. De Jarnett v. Harper, 45 Mo.App. 415, 420; Beckmann v. Beckmann, 358 Mo. 1029, 218 S.W.2d 566, 569, 9 A.L. R.2d 428; Modern Woodmen of America v. Hester, 66 Kan. 129, 71 P. 279. But unfortunately the home or domicile of the parents is not shown. Neither are the names and addresses of such parents given, nor is there any statement in regard to spouse (and a spouse is possible in the case of a sixteen-year-old boy). Nor is there any statement as to who has custody of the children if not their natural parents. All in all, the application simply states that the children have no guardian and that petitioner "has been selected to serve as such." Who selected him is not stated.

█ It further appears from the transcript that the requirements of section 475.070 in respect to service upon, signature of the petition or waiver by the parents and the sixteen-year-old boy are totally lacking. The order of appointment, made on the same day as the application, does not recite the jurisdiction of the parties from which service or waiver might be presumed in certain cases. Such order simply states that Joel Davis comes and files his application, and *therefore,* it appearing that a guardian is needed, he, Davis, is appointed. The order indicates that it was made, not on the theory that the court had jurisdiction of the parties by process or waiver, but that such was not required.

█ The language of section 475.060 is all-inclusive, and we do not find in the statutes any provision which exempts the public administrator from its provisions. In fact, the section indicates (in paragraph 8) it is intended to reach public administrator guardianships as well as all others. We believe that the application was so lacking in compliance with section 475.060 as to amount to a failure to give the court jurisdiction. We do not intend to hold that every failure to dot an *i* or cross a *t* would necessarily be fatal to such an application, but there should be such substantial compliance as will accomplish the obvious aim and purpose of the legislature in making such requirement; and a part of such obvious aim and purpose was (a) to present such sufficient facts as would permit the court to determine its jurisdiction to proceed and (b) to aid in the process, or determine whether it had been acquired by waiver, as required in section 475.070. There are always numbers of nonresident minors who are temporarily within this state. For example, there are visiting teams, both athletic and scholastic, from colleges and high schools. It would startle their parents to learn that because they "have been found and are now present" in some Missouri county a guardian has been selected for them and a suit commenced in their behalf, all without notice. No doubt one of the reasons for the requirements concerning

the detailing of information in the application was to prevent such result.

 Since the appointment was void on its face for the reasons stated, it is not necessary to consider other matters raised by appellant which might also determine its invalidity; and since the appointment is, as stated, void on its face, we cannot see how the parties can improve the situation upon remand.

The judgment of the circuit court is reversed, with directions to set aside its order dismissing the appeal and to enter its order revoking the appointment of the guardian and thereafter to certify such judgment to the probate court.

STONE, P. J., and McDOWEII, J., concur.